**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4554**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIMBERLY MCINTOSH,

Defendant - Appellant.

**No. 16-4567**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIMBERLY MCINTOSH, a/k/a Kim McCintosh, a/k/a Sister Kim, a/k/a Sis, a/k/a Kimberly Jones,

Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, District Judge. (1:15-cr-00644-JKB-1; 1:09-cr-00183-JKB-18)

Submitted: May 25, 2017                                      Decided: June 16, 2017

Before WILKINSON and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

––––––––––––––

Affirmed by unpublished per curiam opinion.

––––––––––––––

Marc Gregory Hall, LAW OFFICES OF MARC G. HALL, P.C., Greenbelt, Maryland, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, James Thomas Wallner, Assistant United States Attorney, Baltimore, Maryland, for Appellee

––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimberly McIntosh pled guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (2012). The district court sentenced her to 18 months' imprisonment. At the time McIntosh committed this offense, she was on supervised release for a 2012 conviction for participating in a racketeering enterprise. Based on McIntosh's admission to violating the terms of her supervision, the district court revoked her supervised release and imposed a six-month sentence, to run consecutively to the 18-month sentence on the heroin conviction.

This court consolidated McIntosh's appeals from the drug offense and revocation judgments. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), McIntosh's counsel has filed a brief certifying that there are no meritorious grounds for appeal, but questioning the reasonableness of McIntosh's sentence. McIntosh has filed a pro se supplemental brief contending that her sentence is unreasonable and raising claims of ineffective assistance of counsel and prosecutorial misconduct. We affirm.

We review the reasonableness of an original sentence for abuse of discretion. *United States v. Lymas,* 781 F.3d 106, 111 (4th Cir. 2015). First, we assess procedural reasonableness, considering whether the district court properly calculated the Sentencing Guidelines range, allowed the parties to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Gall v. United States,* 552 U.S. 38, 51 (2007). If a sentence is free of "significant procedural error," we then review it for substantive reasonableness "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly

3

calculated Guidelines range is presumptively reasonable," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record leads us to conclude that McIntosh's sentence for possession with intent to distribute heroin is procedurally sound. We further conclude that McIntosh has failed to overcome the presumption of substantive reasonableness accorded her within-Guidelines sentence.

We review a sentence imposed upon revocation of supervised release to determine whether it "falls outside the statutory maximum or is otherwise plainly unreasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). We determine whether the sentence is reasonable by generally following "the procedural and substantive considerations that we employ in our review of original sentences." *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006). In analyzing a revocation sentence, we apply "a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Our review of the record confirms that McIntosh's six-month revocation sentence is also reasonable.

McIntosh next alleges ineffective assistance of trial counsel. "Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). No such ineffective assistance conclusively appears on the record before us, so

4

we decline to consider McIntosh's claims at this juncture. Instead, McIntosh's ineffective assistance claims should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *Id.* at 508; *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Finally, McIntosh alleges prosecutorial misconduct. Because McIntosh did not raise her prosecutorial misconduct claims in the district court, we review for plain error. *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). To prevail on her claims of prosecutorial misconduct, McIntosh must demonstrate both misconduct by the prosecutor and resulting prejudice. *United States v. Caro*, 597 F.3d 608, 624-25 (4th Cir. 2010). As our review of the record reveals neither, McIntosh's claims are unavailing.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgments. This court requires that counsel inform McIntosh, in writing, of the right to petition the Supreme Court of the United States for further review. If McIntosh requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McIntosh.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5